IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| THE STATE EXCHANGE BANK, | ) | **CONSOLIDATED CASES** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-1217-EFM |
| | ) | |
| ETHAN GRANT DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| THE STATE EXCHANGE BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-1218-EFM |
| | ) | |
| AUDRENN M JENKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **ORDER**

Both of the above-captioned cases were removed from the District Court of Sumner County, Kansas, on August 21, 2019. Prior to removal, on August 9, 2019, The State Exchange Bank ("the Bank") filed in each a motion to consolidate the cases for all

purposes, including for discovery and trial.[1]  No party filed a response in the state proceedings to the motion to consolidate.  The clerk's office of this court docketed the motion to consolidate in *The State Exchange Bank v. Jenkins*, Case. No. 19-1218, on September 12, 2019 (ECF No. 10) and in *The State Exchange Bank v. Davis*, Case. No. 19-1217, on October 17, 2019 (ECF No. 19).  The undersigned U.S. Magistrate Judge, James P. O'Hara, reached out to all parties on October 21, 2019, to inquire of their positions on the motion.  All parties responded that they did not oppose consolidation of the cases for both discovery and trial purposes.

Under Fed. R. Civ. P. 42(a), a court may consolidate or join for trial or hearing "any or all the matters at issue in the actions" if the actions involve a "common question of law or fact."  The decision whether to consolidate such actions is left to the sound discretion of the trial court.[2]  In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation.[3]

Case Nos. 19-1217 and 19-1218 clearly involve common questions of law and fact.  In the first case, the Bank seeks monetary judgment, foreclosure of real estate, and replevin of personal property against Ethan Grant Davis, Chad A. Davis, and Debbie Davis

---

[1] ECF No. 81-1 in Case No. 19-1218.

[2] *Ryan Transp. Servs., Inc. v. Fleet Logistics, L.L.C.,* No. Civ. A. 04-2445-CM, 2005 WL 2293598, at *3 (D. Kan. Sept. 19, 2005) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

[3] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

(collectively, "the Davises"),[4] together with other creditors and parties who may claim an interest in the Davises' farming equipment and farm assets.  In the second case, the Bank seeks monetary judgment and replevin of personal property against Audrenn M. Jenkins and Ethan Grant Davis based on a promissory note the Bank gave to Jenkins that was secured by a commercial security agreement entered into by Jenkins and Ethan Grant Davis involving the personal property in which the two have a farming interest.  The motion to consolidate states that much of the same farming equipment and assets are the subject of both cases.  In addition, counsel for the parties are the same in both actions.  Judicial efficiency would be best served by consolidation of these cases for all purposes.

IT IS THEREFORE ORDERED that the motion to consolidate is granted.  Case No. 19-1218 shall be consolidated for all purposes with Case No. 19-1217.  Case No. 19-1217 shall be designated as the lead case.  All future pleadings shall bear the consolidated caption on this order and shall be filed only in the lead case.  However, if counsel believe this might present any problems creating a good record, they should raise the issue during the telephone scheduling conference on November 12, 2019, i.e., the court is willing to consider having dispositive motions, related briefs, and final judgments filed in the separate cases.

Dated October 23, 2019, at Kansas City, Kansas.

s/ James P. O'Hara

---

[4] Chad and Debbie Davis are the parents of Ethan Grant Davis.

James P. O'Hara
U.S. Magistrate Judge